UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR ALI,

        Plaintiff,                      Civil Action No. 2:20-CV-10242

v.                                          HON. LINDA V. PARKER

REESIE STRANLAY, et al.,

        Defendants.

_____/

## OPINION AND ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN

Plaintiff Omar Ali, presently confined at the Macomb Correctional Facility in Lenox Township, Michigan, filed a civil rights complaint in this district pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants—various state officials—violated his constitutional rights. For the reasons stated below, the Court concludes that venue is not proper in this district and, accordingly, transfers this matter to the Western District of Michigan.

Plaintiff filed a lawsuit on January 30, 2020 against Reesie Stranlay, Connie Horton, Marie Bennet, Melondy Chapin, and Alexsandra Wilonski, alleging that Defendants violated his civil rights. (ECF No. 1 at Pg. ID 1.) Plaintiff subsequently filed an Amended Complaint, alleging substantially the same conduct. (ECF No. 4.) Plaintiff previously filed a civil rights complaint in this district against these same five defendants, alleging that they deprived him of

1

medical care while he was incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan.  (*Id*. at Pg. ID 16-20.)  Judge George Steeh ordered that the case be transferred to the Western District of Michigan, as venue was improper in the Eastern District of Michigan because the Chippewa Correctional Facility and Defendants were located in the Western District.  See *Ali v. Stranlay,* No. 2:19-CV-13646 (E.D. Mich. Jan. 6, 2020).  Plaintiff attached a copy of Judge Steeh's order to his original complaint.  (ECF No. 1 at Pg. ID 3-5.)  He also attached an order indicating that this case has now been assigned to Judge Paul L. Maloney of the United States District Court for the Western District of Michigan.  (*Id.* at Pg. ID 2.)  It is unclear whether Plaintiff raises the same or different allegations in the current Complaint against Defendants.

Nonetheless, the proper venue for civil actions in which jurisdiction for the federal court is not based on diversity of citizenship is in the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which the plaintiff may bring the action.  28 U.S.C. § 1391(b).  Public officials "reside" in the county where they serve.  *See O'Neill v. Battisti,* 472 F. 2d 789, 791 (6th Cir. 1972).

2

Venue for any new lawsuit against Defendants is not proper in the Eastern District of Michigan, because Plaintiff has failed to allege that any of the acts, events, or omissions which form the basis of his lawsuit took place in the Eastern District of Michigan.  See *Miles v. WTMX Radio,* 15 F. App'x. 213, 215 (6th Cir. 2001).  Rather, the causes of action all arose in the Western District of Michigan. In addition, Defendants all reside in Chippewa County, which is located in the Western District of Michigan.  The Court, therefore, transfers this case to the Western District of Michigan for further proceedings.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that the Clerk of the Court shall transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1406(a).

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 29, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 29, 2020, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager
